**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSEPH R. GOURD,

                         Plaintiff,

         - v -                                                    Civ. No. 9:15-CV-0513
                                                                          (BKS/DJS)

WASHINGTON COUNTY, NEW YORK, *et al.*,

                         Defendants.

**APPEARANCES:**                                              **OF COUNSEL:**

JOSEPH R. GOURD
Plaintiff, *Pro Se*
*Last Known Address*
3901 Lewis Road
Trailer #2
Ballston Spa, New York 12020

LEMIRE, JOHNSON LAW FIRM                BRADLEY J. STEVENS, ESQ.
Attorneys for Defendants                          GREGG T. JOHNSON, ESQ.
P.O. Box 2485
2534 Route 9
Malta, New York 12020

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

       On March 2, 2015, *pro se* Plaintiff Joseph R. Gourd commenced this action in New York State Supreme Court, Washington County, asserting claims pursuant to 42 U.S.C. § 1983 and state law. Dkt. No. 1-1, Compl. On April 28, 2015, Defendants removed the action to this Court. Dkt. No. 1. Plaintiff's Complaint asserts claims arising from when he was an inmate at Washington County Correctional Facility. Compl. Plaintiff alleges that he was attacked by another inmate on December 9, 2013, due to Defendants' negligence and failure to protect him. *Id.* at ¶¶ 13 & 15.

Presently before the Court is Defendants' Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) on account of Plaintiff's failure to prosecute this matter. Dkt. No. 20, Defs.' Mot. Dismiss ("Defs.' Rule 41(b) Mot."). For the reasons that follow, the Court recommends that Defendants' Motion to Dismiss this action be **GRANTED**.

## I. DISCUSSION

### A. Procedural History

The Court here recounts the procedural history of this action relevant to Defendants' Rule 41(b) Motion. At the time this action was commenced and removed to this Court, Plaintiff was represented by counsel. On June 10, 2015, at the Rule 16 Conference, Plaintiff's counsel informed the Court that she intended to file a motion to withdraw as counsel. Dkt. No. 7. Plaintiff's counsel filed a Motion to Withdraw on June 15, 2015. Dkt. No. 8. Plaintiff's response to the Motion was due by July 3, 2015, but he failed to file any response. Dkt. No. 10. However, because it was unclear whether Plaintiff had received service of the Motion and out of solicitude to Plaintiff, the Honorable Randolph F. Treece, then-United States Magistrate Judge, ordered that Plaintiff be served at a different address and extended Plaintiff's response deadline to August 4, 2015. Dkt. No. 10. Defendants filed an Affidavit of Service indicating that Plaintiff had been served by certified mail, return receipt requested, on July 14, 2015. Dkt. No. 11. Plaintiff again failed to respond, and on August 25, 2015, Judge Treece granted Plaintiff's counsel's Motion to Withdraw for good cause shown. Dkt. No. 12. Judge Treece stayed the action for sixty (60) days in order to allow Plaintiff to find new counsel; Plaintiff failed to retain counsel during that period and therefore was deemed to proceed *pro se*. *Id.*

On October 29, 2015, Defendants filed a Letter-Motion with the Court requesting that the

Court order Plaintiff to notify the Court of his current address. Dkt. No. 16. The Court granted Defendants' Letter-Motion and ordered Plaintiff to confirm his current address for the Court and the Defendants. Dkt. No. 17. In that Order, the Court cited Local Rule 10.1(c)(2), which requires "**[a]ll attorneys of record and *pro se* litigants [to] immediately notify the Court of any change of address**." *Id.* at p. 2 (citing N.D.N.Y.L.R. 10.1(c)(2)). The Court also cited Local Rule 41.2(b), which states that a party's failure to provide the Court with a current address may result in dismissal of an action. *Id.* at pp. 2-3 (citing N.D.N.Y.L.R. 41.2(b)). The Court granted Defendants permission to file a motion to dismiss for failure to prosecute in the event that Plaintiff failed to confirm his current address. *Id.* The Court's Order was returned as undeliverable and Plaintiff failed to provide notice of his current address. Dkt. No. 18. On January 15, 2016, Defendants filed their Rule 41(b) Motion. Plaintiff has not filed any response to the Motion.

### B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)). In considering a Rule 41(b) motion, a court must consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

> *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff has failed to take any action to prosecute this matter since his counsel filed a Motion to Withdraw on June 15, 2015, a period of over fourteen months. Plaintiff has failed to communicate with the Court or otherwise participate in this litigation; specifically, Plaintiff has failed to respond to his counsel's Motion to Withdraw, obtain new counsel, respond to the Court's Order requiring Plaintiff to confirm his current address, and now has failed to respond to Defendants' Rule 41(b) Motion. *See* Dkt. Nos. 8, 10, 12, 17, 20, & 22. Under the Local Rules, a plaintiff's failure to take action for four (4) months is presumptively evidence of a failure to prosecute. N.D.N.Y.L.R. 41.2(a).

Furthermore, Plaintiff has failed to confirm his current address to the Court. A litigant has the duty to inform the court of any address changes:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

Judges in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699. Here, the Court, on November 2, 2015, ordered Plaintiff to confirm his current address. Dkt. No. 17. To date, Plaintiff has failed to comply

with that Order. In addition, the Court's Orders have been returned as undeliverable since December 28, 2015. *See* Dkt. Nos. 18 & 23.

With respect to the remaining factors, the Court notes that Plaintiff was notified of the consequences of his failure to provide an updated address in the Court's November 2, 2015 Order. Dkt. No. 17 at pp. 2-3 (citing N.D.N.Y.L.R. 10.1(c)(2) & 41.2(b)). The Court also finds that Plaintiff's failure to participate in this action prejudices Defendants. Since being removed to this Court, this action has been at a standstill. Finally, the Court finds that no less drastic sanction than dismissal is appropriate.

Accordingly, the Court recommends that this action be dismissed, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.2, on account of Plaintiff's failure to prosecute the matter.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 20) this action pursuant to FED. R. CIV. P. 41(b) be **GRANTED** and that this action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 2, 2016
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge